619

(No. 94-CV-2026—)

LEON REAMS, Claimant, *v.* THE STATE OF ILLINOIS,
Respondent.

*Opinion filed May 5, 1995.*

LEON REAMS, *pro se*, for Claimant.

JIM RYAN, Attorney General, for Respondent.

OPINION

SOMMER, C.J.

This claim is before the Court on a petition for extension of time to file a claim filed by Leon Reams under the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1, *et seq*.

An order was entered by this Court assigning this claim to a Commissioner to determine the facts surrounding the Claimant's failure to file a claim within a year of the date of the crime as required by section 6.1(a) of the Act. A hearing was held before Commissioner Clark on December 8, 1994. The evidence consists of the

Claimant's testimony and bills submitted by the Claimant documenting expenses incurred for medical treatment.

The Claimant testified that he was shot on February 13, 1990, on Highland Avenue in Alton, Illinois, while he was driving home from work. He was treated at Alton Memorial Hospital in Alton, Illinois, and later at a veteran's hospital. The bullet is still lodged in the Claimant's shoulder, and the Claimant suffers from numbness in his left arm and limitation of movement. In January 1991, the Claimant's U.S. Army Reserve unit was called up to serve in Operation Desert Storm. The Claimant was stationed in Fort Campbell, Kentucky, and was released from duty on May 27, 1991. The Claimant testified that he was unaware that he may have been eligible for compensation through the Act until he talked to a police officer sometime between May 1991 and January 1992—one to two years after the shooting. The Claimant stated that he spoke with an assistant Attorney General during that time but did not officially file a claim until January 1994, nearly three years after the shooting. The Claimant submitted medical bills from Alton Memorial Hospital, totalling $589.30, which he paid himself. There were no charges for treatment at the veteran's hospital. The Claimant reported no lost wages as a result of his injury.

Section 6.1(a) of the Act states that to receive compensation under the Act, a person must file an application with the Illinois Court of Claims within one year of the occurrence of the crime. The Court may grant extensions, but has turned down requests for extensions and denied claims when the claimants have stated they were unaware of the Act until after the deadline for filing expired. Lack of knowledge on the part of a claimant is not an exception provided for under the rules of the Act. *In re Application of Hutcherson* (1985), 37 Ill. Ct. Cl. 491; *In re Application of Reaves* (1985), 37 Ill. Ct. Cl. 427.

Because of his service in Operation Desert Storm, the Claimant may have been eligible for an extension because he was activated approximately 11 months after the shooting occurred. However, he was released from duty in May 1991 but failed to file a claim until January 1994, nearly four years after the shooting. The Claimant contends that he was informed of the Act sometime between May 1991 and January 1992. It is unclear why the Claimant failed to file a claim until at least two years later. Regardless, the fact that the Claimant may have been unaware of the Act as late as January 1992 provides no basis for an exception to the statutory deadline.

Because the Claimant failed to file a claim until nearly four years after the shooting and because the Claimant has offered no reason that would provide the basis to make an exception in his case, it is hereby ordered by this Court that the Claimant's claim is denied.